809 F.2d 930
 258 U.S.App.D.C. 89, 59 A.F.T.R.2d 87-544,
87-1 USTC P 9171,
Unempl.Ins.Rep. CCH 17,241
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
William Wark Tyng, Appellant
v.
Commissioner of Internal Revenue, Appellee.
 No. 85-1711.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 27, 1987.
 
 Before WALD, Chief Judge, EDWARDS and STARR, Circuit Judges.
 
 PER CURIAM
 MEMORANDUM
 
 1
 Pro se appellant William Wark Tyng ("taxpayer") appeals from a tax court decision holding him liable for a deficiency of $327.64 in his 1981 federal income tax on self-employment income. Although it is difficult to characterize taxpayer's claims, it appears that he raises four legal arguments against imposition of the tax.
 
 
 2
 First, taxpayer contends that Sec. 1401[1] does not specifically indicate that it applies to individuals who will not qualify for social security benefits before attaining the age of sixty-five. While taxpayer is correct that no specific reference to taxpayer's particular circumstances appears in the statute, the statute does clearly state that it is to apply to "every individual", minus a limited group of exceptions specifically enumerated in the statute. Since "words of statutes--including revenue acts--should be interpreted where possible in their ordinary, everyday senses," Crane v. Commissioner, 331 U.S. 1, 6 (1946), "every individual" must be read to include taxpayer. The propriety of including taxpayer in the category or definition of "every individual" is reinforced by taxpayer's failure to claim or qualify under any of the exemptions which the statute provides. Moreover, analysis of the purpose behind an act is ordinarily unnecessary, where, as here, the language of the statute is not ambiguous. See, e.g., Unification Church v. Immigration and Naturalization Service, 762 F.2d 1077, 1084 (D.C.Cir.1985).
 
 
 3
 Next, taxpayer contends that the social security act is contractual in nature and that because taxpayer believes he will not receive benefits he should not be forced to contribute. Contrary to taxpayer's view of the social security system, the Supreme Court has clearly indicated that the system is not contractual in nature. In Flemming v. Nestor, 363 U.S. 603 (1960), the Court noted;
 
 
 4
 [E]ach worker's benefits, though flowing from the contributions he made to the national economy while actively employed, are not dependent on the degree to which he was called upon to support the system by taxation. It is apparent that the noncontractual interest of an employee covered by the act cannot be soundly analogized to that of the holder of an annuity, whose right to benefits is bottomed on his contractual premium payments.
 
 
 5
 Id. at 609-10 (emphasis added). The Supreme Court's decision in Flemming was brought to taxpayer's attention by the tax court. The taxpayer, thus, should have realized, prior to this appeal, that his claim that the social security system is based in contract was devoid of merit.
 
 
 6
 Third, although taxpayer explains that he is not challenging the facial constitutionality of Sec. 1401, he urges that the application of Sec. 1401 to his particular circumstance is unconstitutional. In specific, taxpayer suggests that the classification embodied in the statute is "utterly lacking in rational justification." It appears, therefore, that he challenges the constitutionality of the statute on equal protection grounds. In taxpayer's view, requiring those individuals who are not assured of receiving benefits to contribute to the system is arbitrary. Contrary to taxpayer's assertion, however, a rational justification does exist for the requirement that every individual, minus the listed exempted individuals, be required to contribute to the social security system. Because "voluntary participation would be almost a contradiction in terms and difficult, if not impossible, to administer, ... mandatory participation is indispensable to the fiscal vitality of the social security system." United States v. Lee, 455 U.S. 252, 258 (1982). The classification embodied in the statute can therefore be justified on the ground that absent the requirement that every income earner, minus the limited exceptions listed in the statute, contribute, the system could not function.
 
 
 7
 Since a rational justification exists for the requirement that all individuals with earned income contribute to social security, requiring taxpayer, a nonexempted earner of such income, to contribute is not arbitrary, and therefore not unconstitutional. Again, taxpayer's argument is utterly lacking in merit.
 
 
 8
 Fourth and finally, taxpayer contends that Sec. 1348's maximum tax provisions prohibit taxing his income in excess of 50% and thus preclude imposition of the self-employment tax on taxpayer's 1981 income. However, there is no indication from the comments on the House Report concerning Sec. 1348 that the 50% maximum had any application to self-employment taxes of Sec. 1401. See H.R.Rep. No. 91-413, 91st Cong., 1st Sess. (1969-3 Cum.Bull. 200, 330-31). Moreover, even if Sec. 1348 were applicable, for the tax year at issue, taxpayer's total tax liability (income tax plus self-employment tax) was less than 25% of his reported taxable income. Taxpayer's fourth argument, like the three preceding it, is meritless.
 
 
 9
 Because taxpayer's legal arguments are totally devoid of merit, affirmance of the tax court is appropriate. In addition, taxpayer must demonstrate to this court why sanctions should not be imposed upon taxpayer under Fed.R.App.P. 38 or 28 U.S.C. Sec. 1912.
 
 JUDGMENT
 
 10
 This case came to be reviewed on the record on appeal from the United States Tax Court and briefs were filed by the parties. The issues have been accorded full consideration by the court and occasion no need for a published opinion. See Local Rule 13(c). On consideration of the issues and for the reasons set forth in the accompanying memorandum it is
 
 
 11
 ORDERED and ADJUDGED by the court that the decision of the United States Tax Court be affirmed. It is
 
 
 12
 FURTHER ORDERED by the court that appellant show cause, before December 10, 1986, why sanctions should not be imposed in this case. See Fed.R.App.P. 38; 28 U.S.C. Sec. 1912.
 
 
 13
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See Local Rule 14.
 
 
 
 [1]
 Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect during the taxable year in issue